UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:23-CR-13-PPS-JEM |
| ) | |
| TOMMY LEE TYNER, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant, Tommy Lee Tyner, Jr., was indicted for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [DE 1.] According to the pretrial bond report prepared in this case [DE 7], Tyner has a lengthy criminal history dating back to when he was 13 years old and includes a violent carjacking conviction in state court as well as a prior conviction in this court of a RICO related offense. The federal RICO case also included a conviction for use of a firearm during and in relation to a crime of violence for which he received a combined sentence of 144 months. *See United States v. Tyner*, 2:10 CR 110. Tyner seeks dismissal of the felon in possession charge in this case arguing the Second Amendment to the United States Constitution, as recently construed by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), protects his right to possess a firearm and the statute is unconstitutional as applied to his case. [DE 18 at 3.]

The Supreme Court has recently expounded upon the individual right to keep and bear arms guaranteed by the Second Amendment. *See Bruen*, 142 S. Ct. at 2122;

*McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008). Through these cases, the Court has repeatedly underscored that the Second Amendment protects the rights of "ordinary, law-abiding" citizens to keep and bear arms, and that its articulation of the rights guaranteed by the Second Amendment should not be construed to cast any doubt on "prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2122; *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626–27). In sum, the view I have taken (and will continue to take until I'm told otherwise), is the Second Amendment does not protect the right of felons to possess firearms. Tyner's motion will therefore be denied.

### Discussion

A defendant can move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). Such a motion can be made on the basis that the charged offense is based on an unconstitutional statute. *See United States v. Holden*, 2022 WL 17103509, at *2 (N.D. Ind. Oct. 31, 2022) (internal citations omitted). That is the basis upon which Tyner seeks dismissal of the indictment in this case. According to Tyner, the indictment must dismissed because the statutory prohibition on convicted felons possessing firearms violates his Second Amendment right to keep and bear arms. [DE 18 at 2-3, 11-17.]

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. In *District of Columbia v. Heller*, the Supreme Court

2

identified the "core" of the Second Amendment as: "the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home." *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019) (emphasis added) (quoting *Heller*, 554 U.S. at 634–35), *abrogated by Bruen*, 142 S. Ct. 2111 (2022). The Court in *Heller* made clear that "the right secured by the Second Amendment is not unlimited." 554 U.S. at 626. Indeed, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on commercial sale of arms." *Id*. at 626–27. To punctuate the point, the Court went on to even say that these kinds of restrictions on the commercial sale of firearms are "presumptively lawful." *Id*. at 627 n.26. A few years later, a plurality of the Court in *McDonald v. City of Chicago* repeated its assurances that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." 561 U.S. at 768.

After *Heller*, the Seventh Circuit advanced a two-step test for looking at Second Amendment challenges. *Kanter*, 919 F.3d at 441. The threshold question in this framework was "whether the regulated activity falls within the scope of the Second Amendment." *Id.* (quoting *Ezell v. City of Chicago*, 846 F.3d 888, 892 (7th Cir. 2017)). Then, "if the historical evidence is inconclusive or suggests that the regulated activity is not categorically unprotected," courts conducted "a second inquiry into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights." *Id.*

3

However, in *Bruen*, the Supreme Court held that the two-step approach was "one step too many." *Bruen*, 142 S. Ct. at 2127. *Bruen* involved a New York law making it a crime to possess a firearm without a license, both inside and outside the home. Bruen was a law abiding citizen just trying to exercise his Second Amendment rights. But under the New York regulatory scheme, he could only obtain a license for a firearm if he could demonstrate a specific need for self-defense. The Court held the Second Amendment protects an individual's right to carry a handgun for self-defense both in the home and outside of the home, and that New York's licensing plan violated the Constitution. When evaluating whether a regulation on Second Amendment rights is constitutional, *Bruen* instructs the courts to use the following standard:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2129–30.

Tyner asserts that § 922(g)(1) does not pass either prong of *Bruen* test. First, he argues that facially, his conduct of being a felon in possession of a firearm, is covered by the plain text of the Second Amendment. [DE 18 at 12-14.] Second, he argues that the government cannot demonstrate that § 922(g)(1) is consistent with historical firearm regulation in the United States and shares no historical legal analogue. [*Id.* at 14-18.] As tempting as it is to go back in time and pore over colonial era gun laws, and then decide

4

whether there is an adequate proxy to § 922(g)(1), to do so in this would take the analysis a step too far.  As the government points out in its brief [DE 23 at 6-7], the Supreme Court has stated that restrictions on felons possessing firearms are permissible. Nothing in *Bruen* indicates the Court intended to alter its view on the matter.

*Bruen*, in no uncertain terms, reaffirmed the Second and Fourteenth Amendment right of an "ordinary, *law-abiding citizen* to possess a handgun in the home for self-protection" recognized in *Heller* and *McDonald*.  142 S. Ct. at 2122 (emphasis added). This notion is reiterated *twice* in the two opening sentences of the decision and in over a dozen other instances in the majority opinion, including the final paragraph summarizing the Court's holding. *Id.* at 2125–26 ("New York's proper-cause requirement violates the [Constitution] in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." (emphasis added)). What's more, Justice Alito, in his concurring opinion, cautioned readers not to overstate the Court's ruling. *Id.* at 2159 (Alito, J., concurring) ("All we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense.").  Justice Kavanaugh in his own concurrence went even farther. "Nothing in [*Bruen*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162, quoting *Heller*, 554 U.S. at 626–27.

Based on the repeated clear language of the Supreme Court, it is clear to me that people who have been adjudicated as felons simply do not fall into a class of citizens

protected by the Second Amendment. That is especially true of felons like Tyner who have racked up an impressive resume of violent felonies. So even if the Supreme Court ultimately takes the tack suggested by then Circuit Judge Barrett in *Kanter*—that only "dangerous" felons can be constitutionally disarmed, *see Kanter,* 919 F.3d at 451 (Barrett, J., dissenting)—it would not redound to Tyner's benefit. In other words, even if I have to consider the *type of felony* to determine whether the Second Amendment applies, I am confident that violent felons like Tyner will not be included in any putative exception.

My conclusion that the Second Amendment does not protect the right of felons to possess firearms in light of the *Bruen* line of decisions is reinforced by the persuasive weight of lower court authority finding § 922(g)(1) constitutional under similar reasoning. *See, e.g.*, *United States v. Braster*, 2023 WL 2346282, at *2 (N.D. Ind. Mar. 2, 2023); *United States v. Regalado*, 2023 WL 9054039 (N.D. Ind. Dec. 20, 2023); *United States v. Price*, 2023 WL 1970251 (N.D. Ill. Feb. 13, 2023); *United States v. Garrett*, 2023 WL 157961 (N.D. Ill. Jan. 11, 2023); *United States v. King*, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Jackson*, 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Burrell*, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, 2022 WL 3691350 (D.S.C. Aug. 25, 2022).

There have been a smattering of courts who have found to the contrary. *See, e.g., Range v. Attorney General of the United States*, 69 F.4th 96 (3rd Cir. 2023); *United States v. Freeman*, 2023 WL 7325934 (N.D. Ill. Nov. 7, 2023). But for the reasons stated above, I do not find their reasoning persuasive.

Given my conclusion that, in light of *Bruen*, the Second Amendment does not protect the rights of convicted felons to possess firearms, I decline to evaluate whether felon-in-possession statutes have sufficient grounding in the nation's historical tradition of firearm regulation to pass muster under the second prong of the *Bruen* framework.

**ACCORDINGLY:**

For the foregoing reasons, Defendant Tommy Tyner's Motion to Dismiss [DE 18] is **DENIED**.

**SO ORDERED**.

ENTERED: February 9, 2024.

       /s/ Philip P. Simon
       PHILIP P. SIMON, JUDGE
       UNITED STATES DISTRICT COURT